# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
October 6, 2005 Session

## STATE OF TENNESSEE v. JAMES D. NICHOLSON

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 2003-C-2381    J. Randall Wyatt, Jr., Judge**

---

**No. M2004-00111-SC-R11-CD - Filed April 17, 2006**

---

Janice M. Holder, dissenting

I write separately to express my disagreement with the majority's holding that the law enforcement officers' seizure of the defendant, James D. Nicholson ("Nicholson"), was invalid due to the lack of reasonable suspicion.

An investigatory stop is permissible under the United States and Tennessee Constitutions if it is based upon reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed. See Terry v. Ohio, 392 U.S. 1, 20-21 (1968); State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002). The level of suspicion required for a valid investigatory stop is considerably less than either probable cause or proof of wrongdoing by a preponderance of the evidence. United States v. Sokolow, 490 U.S. 1, 7-8 (1989); State v. Yeargan, 958 S.W.2d 626, 632 (Tenn. 1997).

Reasonable suspicion is determined by considering the totality of the circumstances surrounding the seizure. See Randolph, 74 S.W.3d at 336. Circumstances relevant in determining the existence of reasonable suspicion include, but are not limited to, the officer's personal objective observations, information received from other law enforcement officers or agencies or from citizens, and the pattern of operation of certain offenders. Yeargan, 958 S.W.2d at 632. The rational inferences and deductions that a trained officer may draw from the facts and circumstances known to that officer also may be considered. State v. Keith, 978 S.W.2d 861, 867 (Tenn. 1998); Yeargan, 958 S.W.2d at 632.

I agree with the majority's conclusion that Detective Ryan Lockwood's instruction to Nicholson to "hold up" prior to Nicholson's flight did not constitute a seizure. The majority further recognizes that the State does not dispute that Nicholson was seized pursuant to Tennessee

constitutional standards when the officers pursued him yelling, "Stop, police." Accordingly, the totality of the events and circumstances leading up to the officers' pursuit of Nicholson and the directive, "Stop, police," may be considered in determining whether reasonable suspicion existed.

Detective Lockwood saw Nicholson in an area in which Detective Lockwood and other detectives in the intelligence division were conducting a previously planned investigation of gang activity. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (holding that the area's propensity toward criminal activity is one factor to be considered in determining the existence of reasonable suspicion); State v. Lawson, 929 S.W.2d 406, 408 (Tenn. Crim. App. 1996). Nicholson was in the area at approximately 11:30 p.m. Lawson, 929 S.W.2d at 408 (concluding that the lateness of the hour is one factor in determining the existence of reasonable suspicion).

Prior to the seizure, Detective Lockwood observed a large group of people around the Henry Place area on property belonging to the Metropolitan Development and Housing Agency ("MDHA") where "No Trespassing" signs were posted. Detective Lockwood saw some members of the group conducting "hand-to-hand transactions." When Detective Lockwood and other officers approached the group, the members of the group fled. Detective Lockwood began to chase one of the suspects. Upon arriving at the corner on Henry Place, Detective Lockwood lost sight of the suspect.

Detective Lockwood stopped, looked toward the general vicinity where the group had been gathered, and saw Nicholson walking. Detective Lockwood testified he did not observe Nicholson committing an illegal act but "had cause to believe" that Nicholson was trespassing. The trial court found that Detective Lockwood had a valid basis to approach Nicholson and inquire as to his presence. Detective Lockwood instructed Nicholson to "hold up." Detective Lockwood testified that his police badge and insignia were clearly visible. Nicholson, however, ran from the scene.

The majority concludes that Nicholson's flight from the scene was not a valid basis upon which to find reasonable suspicion. I agree that a defendant's flight, standing alone, is insufficient to establish reasonable suspicion. I believe, however, that a defendant's flight is one factor that may be properly considered in examining the issue of reasonable suspicion. See Wardlow, 528 U.S. at 124 (holding that "nervous, evasive behavior," such as flight, is a relevant factor in an examination of reasonable suspicion).

The majority also identifies innocent reasons justifying flight from law enforcement officers. The record does not indicate that Nicholson had innocent reasons for fleeing from the officer or that Nicholson "simply happened on the scene after Detective Lockwood had unsuccessfully chased other persons." Furthermore, we are not required to find a constitutional violation simply because innocent reasons for such conduct may exist. See id. at 125. The test in a reasonable suspicion inquiry is not whether the activity may be consistent with innocent conduct but whether the facts or circumstances "make the conduct reasonably suspicious of past or future criminal conduct." State v. Scarlett, 880 S.W.2d 707, 709 (Tenn. Crim. App. 1993).

Finally, the majority takes each fact and circumstance and views it in isolation to examine whether reasonable suspicion existed. I agree that each fact and circumstance, standing alone, does not rise to the level of reasonable suspicion. In examining the issue of reasonable suspicion, however, we are required to consider the facts and circumstances in their totality. See Randolph, 74 S.W.3d at 336. Under the totality of the facts and circumstances of the present case, Detective Lockwood could have reasonably suspected at the least that Nicholson had been trespassing on MDHA property and, therefore, was justified in conducting an investigatory stop.

Because I believe that the seizure was valid, I respectfully dissent.

_____

JANICE M. HOLDER, JUSTICE